CUTRER, Judge.
Howard C. DeJean sued Kennyson Pitre, Jr. and Emile Pitre, Jr. for the balance due on a promissory note executed by the Pi-tres. The Pitres answered the suit alleging payment in full. From a trial court judgment awarding DeJean the sum of $1,575.00 with interest and attorney’s fees, the Pitres appealed. We affirm.
In January 1979, Emile Pitre, Jr., was desirous of a small piece of property in Eunice, Louisiana, owned by members of the DeJean family. Pitre arranged to buy the property for $3,000.00.[1] A credit sale was prepared by attorney, Stephen J. Le-det, Jr., upon request of the DeJean interests. The sale recited a $3,000.00 consideration, and envisioned a $1,000.00 down payment with the $2,000.00 balance to be paid in monthly installments of $400.00. The sale was secured by a mortgage and vendor’s lien on the property. The Pitres executed a promissory note[2] to bearer for $2,000.00 describing the same payment plan as stated in the credit sale. The note contained an acceleration clause[3] and was par-aphed with the credit sale mentioned earlier. The credit sale and the promissory note were executed on January 23, 1979, and recorded on January 24, 1979.
The controversy centers around events occurring on January 8 and January 15, 1979. The DeJeans allege Emile made payments of $700.00 and $300.00 on the respective dates, constituting the down payment. The Pitres contend Emile made payments of $700.00 and $1,300.00, respectively, on these dates. The Pitres further contend that Ledet accepted $700.00 in lieu of the $1,000.00 down payment and that the $1,300.00 payment was made as payment on the $2,000.00 promissory note.
The parties agree that the only other payments made oh the note were $400.00 on February 4, 1980 and $300.00 on July 14, 1980. Suit was filed August 5,1981, for the $1,575.00 balance on the note ($1,300.00 principal and $275.00 interest), interest and attorney’s fees as set up in the note. The trial court rendered judgment for the De-Jeans as petitioned. The Pitres appeal.
The sole issue of this appeal is the factual question of whether the Pitres had paid the promissory note.
Pursuant to an agreement between the parties, Ledet (who was representing the DeJeans at trial) testified as to his involvement in the case. Ledet testified that he prepared the bill of sale, mortgage and the promissory note. He testified that Emile came into his office on January 8,1979, and made a $700.00 payment toward the down payment. At this time Ledet wrote a receipt for the payment and gave it to Emile. Ledet testified that Emile returned to Le-det’s office on January 15, 1979, and paid the balance of the down payment by paying $300.00. Ledet indicated the receipt of payment on the same receipt he had given Emile for the earlier $700.00 payment. This receipt is the focus of the dispute. The receipt is in the record and shows that the January 15, 1979, payment was for $1,300.00.[4] Ledet testified that either the *632 receipt was tampered with or he mistakenly wrote down $1,300.00 instead of $300.00. Regardless, Ledet testified “categorically” that Emile only paid $300.00 on January 15, 1979.
Ledet then testified that the sale was completed on January 23, 1979, and was recorded on January 24,1979. At this time, Ledet testified, $2,000.00, the amount of the note, was still owed by the Pitres.
Not having received any other payment since January 15, 1979, Ledet testified that he sent notice for payment to the Pitres in January 1980. Ledet stated that two further payments were made by Pitre in the amount of $400.00 on February 4,1980, and $300.00 on July 14,1980. This left a principal balance of $1,300.00.
Emile Pitre testified that he first went to Ledet’s office on January 8, 1979, at which time he made a $700.00 payment and was given a receipt for that amount by Ledet. He also testified that soon thereafter he returned to Ledet’s office and made a $300.00 payment on the remaining portion of the down payment. At this time Emile testified, Ledet gave him “a little white receipt” for the payment. Emile then testified that he lost this receipt and Ledet refused to give him another.
Emile later testified differently regarding the transactions. He changed his testimony by saying that Ledet accepted the $700.00 payment in lieu of the original $1,000.00 down payment. Emile further testified that the second time he went to Ledet’s office he made a $1,300.00 payment to Ledet as the first installment. Emile next testified that Ledet marked the $1,300.00 payment on the same receipt Le-det had given Emile for the $700.00 payment. Emile testified that his next visit to Ledet’s office was on February 4, 1980, when he made a $400.00 payment. Emile then testified he made his last payment of $300.00 on July 14, 1980.
John L. Guillory, a friend of Emile, testified that he accompanied Emile to Ledet’s office on January 15, 1979, when Emile made the $1,300.00 payment. Guillory testified he witnessed Emile counting thirteen one hundred dollar bills and Ledet marking the payment on the receipt Ledet had written for the $700.00 payment.
The trial judge witnessed the conflicting testimony set forth above. After due consideration of this testimony and the exhibits of record the trial judge rendered judgment for Howard DeJean. In his reasons for judgment he “conclude[d] the evidence substantially preponderates in plaintiff’s favor.”
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
Canter v. Koehring Company, 283 So.2d 716 (La.1973).
After reviewing the same testimony and exhibits we can find no clear error in the trial court’s decision.
Accordingly, we affirm the judgment of the trial court. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.

. Emile required the sale to be recorded in his brother’s name, Kennyson Pitre, Jr.

. Kennyson Pitre, Jr., signed the note as maker. Emile Pitre, Jr., signed the note as “Surety and Endorser in solido.”

. “The failure to pay the full amount of any installment of this note, as it becomes due, shall ipso facto, at the option of the holder thereof, render all unpaid balance on this note due and exigible.”

. It is worthy of notice that the number “one” of the $1,300.00 appears directly beneath the dollar sign and that the blue ink used to write the number “one” is of a different tint than the blue ink used to write the numbers three, zero, zero.